J-A11033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUNLION ENERGY SYSTEMS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JONES FAMILY FARM, LESTER C. | : | |
| JONES & SONS, INC., LESTER JONES | : | |
| JR., SEAN JONES, TAMELA K. JONES | : | |
| AND ENERGY SYSTEMS AND | : | |
| INSTALLATIONS, INC. | : | No. 1452 MDA 2017 |
| | | |
| Appellees | | |

Appeal from the Order Entered August 31, 2017
in the Court of Common Pleas of Lancaster County
Civil Division at No.:  CI-16-07401

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 14, 2018**

Appellant, SunLion Energy Systems, Inc., appeals from the trial court's order sustaining the preliminary objections filed by Appellees, Jones Family Farm, Lester C. Jones & Sons, Inc., Lester Jones Jr., Sean Jones, and Tamela K. Jones, and dismissing its action without prejudice for lack of personal jurisdiction.[1]  We affirm.

The trial court aptly summarized the background of this case as follows:

_____

[1] Appellant also sued Energy Systems and Installations, Inc., a Pennsylvania corporation, which did not respond to the complaint.  Default judgment was entered against it on October 12, 2016.

_____

*   Retired Senior Judge assigned to the Superior Court.

Lester C. Jones & Sons, Inc. (Jones & Sons) is incorporated in New Jersey, and registered to do business in Maryland. (***See*** Complaint, 8/17/16, at 3 ¶ 3).[2] Jones & Sons does not transact business in Pennsylvania, has no offices in Pennsylvania, has no agents or employees in Pennsylvania, does not pay taxes in Pennsylvania, is not registered to conduct business in Pennsylvania, and does not own or lease property in Pennsylvania. (***See*** Appellees' Supplemental Brief, 6/15/17, Exhibit A (Supplemental Affidavit of Sean Jones) at 1 ¶ 3).

Sean Jones, Tamela Jones and Lester Jones, Jr. (the individual Joneses) reside in Maryland. (***See*** Complaint, at 3 ¶¶ 4-6). None of the individual Joneses personally transact business in Pennsylvania, have a home or office in Pennsylvania, pay taxes in Pennsylvania, or own or lease property in Pennsylvania. (***See*** Appellees' Brief, 12/01/16, Exhibit A (Affidavit of Sean Jones) at 2 ¶ 7; Exhibit B (Affidavit of Tamela K. Jones) at 2 ¶ 5; Exhibit C (Affidavit of Lester Jones, Jr.) at 2 ¶ 5). . . .

[Appellant] alleges on August 21, 2012, [Appellees] had a discussion with [Appellant] about the installation of a solar power array on the Jones Family Farm located at 12667 Massey Road in Maryland. (***See*** Complaint, at 4 ¶¶ 11-12). This discussion was not precipitated by any inquiry from Jones & Sons, but rather was the result of a cold-call by [Appellant]. (***See*** Appellees' Supplemental Brief, Exhibit A (Supplemental Affidavit of Sean Jones) at 1-2 ¶ 4).

[Appellant] alleges that it completed some initial work relating to the solar system, which included the submission of an interconnect agreement and drawings for review by a local utility in Maryland. (***See*** Complaint, at 4 ¶ 13). This work was allegedly paid for by [Appellees]. (***See id.***).

[Appellant] alleges it then provided a contract for the next phase of the work, which was signed by Sean Jones, as vice president of Jones & Sons. (***See id.*** at ¶¶ 14-15; ***see also*** Exhibit A (Contract) at 2). [Appellant] alleges that it performed "[a]ll of the obligations under this contract" in a "timely and efficient manner" and that [Appellees] submitted a payment of $40,000.00

_____

2 Jones Family Farm is not a recognized legal entity. (***See*** Appellees' Brief, 12/01/16, Exhibit A (Affidavit of Sean Jones) at 2 ¶ 6).

to [Appellant]. (Complaint, at 5 ¶ 18; *see id.* at ¶ 19). [Appellant] further alleges that [Appellees] requested a copy of the drawings and design for the solar power system for their "review" and that said documents were "loaned" by [Appellant] with the understanding that they remained the property of [Appellant]. (*Id.* at ¶ 20).

It is [Appellant's] contention that [Appellees] stopped payment on the $40,000.00 check, "reneged" on their contractual obligation to have [Appellant] install the solar power system, and repeatedly refused to return the drawings and designs. (*Id.* at ¶ 22; *see id.* at 5-6 ¶¶ 21-25). [Appellant] further alleges that [Appellees] gave [Appellant's] drawings and designs to a competitor, Energy Systems, which allegedly used them to complete the solar project on the Jones Family Farm. (*See id.* at 6 ¶¶ 26, 28).

(Trial Court Opinion, 11/20/17, at 3-5) (footnotes omitted; record citation formatting provided).

On September 8, 2016, Appellees filed preliminary objections to the complaint, arguing that the trial court should dismiss the action against them for lack of personal jurisdiction. On August 31, 2017, following oral argument, the court sustained Appellees' preliminary objections and dismissed the complaint without prejudice for lack of personal jurisdiction. This timely appeal followed.[3]

Appellant raises the following questions for our review:

1. Whether the trial court erred in dismissing [Appellant's] complaint for lack of personal jurisdiction in failing to recognize that [Appellees'] failure to return [Appellant's] property was not proper as this harm is a violation of 42 Pa.C.S.A. § 5322(3) and (4) and creates Pennsylvania jurisdiction[?]

---

[3] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on November 1, 2017. The trial court entered an opinion on November 20, 2017. *See* Pa.R.A.P. 1925.

2. Whether the trial court erred in dismissing [Appellant's] complaint for lack of personal jurisdiction by court order dated August 31, 2017 by failing to recognize that [Appellant] plead sufficient facts to meet the minimum contacts test as set forth in Pennsylvania's Long Arm Statute[,] 42 Pa.C.S.[A.] § 5322(b)[?]

(Appellant's Brief, at 3-4) (unnecessary capitalization omitted).

We will address Appellant's issues, both of which challenge the trial court's determination that it lacked personal jurisdiction over Appellees, together. We begin by noting the relevant scope and standard of review:

The scope of review in determining whether a trial court erred in sustaining preliminary objections and dismissing a complaint is plenary.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

Moreover,

when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013) (citations omitted).

With respect to the appropriate exercise of personal jurisdiction in Pennsylvania, this Court has explained:

> The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the authority of a state to exercise *in personam* jurisdiction over non-resident defendants. The extent to which jurisdiction is proscribed by the Due Process Clause is dependent upon the nature and quality of the defendant's contacts with the forum state. Where a defendant has established no meaningful contacts, ties or relations with the forum, the Due Process Clause prohibits the exercise of personal jurisdiction. However, where a defendant has purposefully directed his activities at the residents of the forum, he is presumed to have fair warning that he may be called to suit there.

> A defendant's activities in the forum State may give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. Because due process may permit specific jurisdiction based solely on single or occasional acts purposefully directed at the forum, it is narrow in scope, limiting a cause of action to the extent that it arises out of or relates to the very activity that establishes jurisdiction.

> Alternatively, general jurisdiction involves circumstances, or a course of conduct, from which it is proper to infer an intention to benefit from[,] and thus an intention to submit to[,] the laws of the forum State[.] For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. Thus, general jurisdiction may be exercised against foreign corporations when their affiliations with the [forum] State are so continuous and systematic as to render them essentially at home [there]. In contrast to specific jurisdiction, a state that has general

jurisdiction may adjudicate both matters that originate within the State and those based on activities and events elsewhere.

***Mendel v. Williams***, 53 A.3d 810, 817 (Pa. Super. 2012) (citations and quotation marks omitted).

Here, Appellant argues that Appellees are subject to specific personal jurisdiction. (***See*** Appellant's Brief, at 15-20, 24).[4]

> A foreign defendant who does not have sufficient contacts with Pennsylvania to establish general jurisdiction may nevertheless be subject to specific jurisdiction in Pennsylvania pursuant to the Pennsylvania Long–Arm Statute, 42 Pa.C.S.A. § 5322 (Bases of personal jurisdiction over persons outside this Commonwealth). Section 5322(a) contains ten paragraphs that specify particular types of contact with Pennsylvania deemed sufficient to warrant the exercise of specific jurisdiction. 42 Pa.C.S.A. § 5322(a). In addition, section 5322(b) operates as a "catchall," providing that jurisdiction may be exercised over persons who do not fall within the express provisions of section 5322(a) to the fullest extent permitted by the Due Process Clause of the United States Constitution. 42 Pa.C.S.A. § 5322(b). Regardless, if a defendant's activities in Pennsylvania only give rise to jurisdiction under section 5322(a) or (b), the plaintiff's cause of action is limited to those activities which formed the basis of jurisdiction. ***See*** 42 Pa.C.S.A. § 5322(c).

> Once it is determined that jurisdiction is authorized by the Long–Arm Statute, the party seeking relief must demonstrate that the exercise of jurisdiction conforms with the Due Process Clause. Whether specific jurisdiction is proper under the Due Process Clause requires a two-part analysis: first, the plaintiff must demonstrate that the defendant purposefully established minimum contacts with the forum state; and second, the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." ***Schiavone v. Aveta***, 41 A.3d 861, 869 (Pa. Super. 2012), *aff'd*, 91 A.3d 1235 (Pa. 2014) (quoting ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 474 (1985).

_____

[4] Appellant does not contend on appeal that Appellees are subject to general personal jurisdiction.

*Mendel*, *supra* at 820–21 (some case citations omitted; citation formatting provided).

Here, the trial court determined that it lacked personal jurisdiction over Appellees. (*See* Trial Ct. Op., at 12). With respect to specific jurisdiction, it explained:

> . . . [I]t is undisputed that [Appellees] do not reside in Pennsylvania. (*See* Complaint, at 1, 3 ¶¶ 2-6). As Maryland residents, [Appellees] contend that simply entering into a contract with a Pennsylvania plaintiff is not sufficient to establish "minimum contacts" with Pennsylvania. It is well settled that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home state. *See Fid. Leasing, Inc. v. Limestone Cty. Bd. of Educ.*, 758 A.2d 1207, 1211 (Pa. Super. 2000).
>
> While [Appellant] averred in its [c]omplaint that "the underlying contract [was] entered into in this jurisdiction," (Complaint, at 4 ¶ 10), [Appellant] was careful elsewhere in the [c]omplaint and throughout these proceedings not to assert that the contract was signed in Pennsylvania, because it was not. (*See id.* at ¶ 15; *see also* Appellant's Brief Regarding Personal Jurisdiction, 6/19/17, at unnumbered page 1). Sean Jones, vice-president of Jones & Sons, offered undisputed testimony that all contract negotiations between the parties took place in Maryland, and that the contract at issue in this matter was prepared by [Appellant] in Pennsylvania but brought to Maryland where it was accepted and signed by Sean Jones in his capacity as a corporate officer of Jones & Sons. (*See* Appellees' Supplemental Brief, Exhibit A (Supplemental Affidavit of Sean Jones), at 2 ¶ 5).
>
> Still, [Appellant] claims that a few telephone calls to [it] were initiated by Sean Jones "in regard to work [it] had performed on [the] family's farm," and further that [Appellees'] $40,000.00 check was mailed to a Pennsylvania address. (Appellant's Motion for Reconsideration, 9/11/17 Exhibit "B" (Affidavit of Gerald K. Stern, Jr.) at unnumbered page 1 ¶ 3; *see also* Appellant's Brief

Regarding Personal Jurisdiction, at unnumbered page 2).[5] Our Superior Court in **Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.**, 698 A.2d 80, 84 (Pa. Super. 1997), found almost the exact same evidence insufficient to support personal jurisdiction: "By merely entering into a contract with a Pennsylvania corporation, making several follow-up telephone calls and sending a payment invoice, it cannot be said that [the defendant] purposefully availed itself of our state's benefits and protections such that it could reasonably anticipate being called to defend itself in our courts." . . . Thus, the evidence established that the contract in this case was not formed in Pennsylvania.

\*     \*     \*

After a review of the evidence in this case, it was clear that [Appellees] did not have those minimum contacts with Pennsylvania which are consistent with notions of fair play and substantial justice. **See Burger King**, **supra** at 474. [Appellees] could not have "reasonably anticipate[d] being haled into court" in this Commonwealth. **Id.** Under the circumstances of this case, personal jurisdiction over [Appellees] would violate Pennsylvania's Long Arm Statute and federal due process.

(Trial Ct. Op., at 9-12) (citation formatting provided; emphasis, footnote, some case citations, and some quotation marks omitted).

Upon review of the record, we agree with the trial court's analysis, and discern no error of law or abuse of discretion regarding its decision that it lacked personal jurisdiction over Appellees. **See Sulkava, supra** at 889; **Mendel**, **supra** at 820–21. Accordingly, we affirm the order of the trial court.

---

[5] Sean Jones disputes that he mailed the check to Appellant, and avers that he handed it to Appellant's representative in Massey, Maryland. (**See** Appellees' Supplemental Brief, Exhibit A (Supplemental Affidavit of Sean Jones), at 2 ¶ 6).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/14/18</u>